JUDGE NATHAN

15 CV 03991

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

CURTIS JAMES JACKSON III,
a/k/a 50 CENT
      Plaintiff,

  -v-

WILLIAM LEONARD ROBERTS II a/k/a RICK ROSS,

     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

:
:
:
:
:
:
:
:
:
:
:



RECEIVED
MAY 26 2015
U.S.D.C. S.D. N.Y.
CASHIERS

## NOTICE OF REMOVAL

TO:   UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF NEW YORK
       500 Pearl Street
       New York, New York 10007

     PLEASE TAKE NOTICE that, for the reasons set forth below, plaintiff Curtis James

Jackson III a/k/a 50 Cent ("Jackson") files this Notice of Removal pursuant to 28 U.S.C. §§

1334, 1452, and the Federal Rules of Bankruptcy Procedure, Rule 9027, removing this action

from the Supreme Court of the State of New York, County of New York. In support of his

Notice of Removal, Jackson states as follows:

### I.

### INTRODUCTION

    1.    On or about May 21, 2015, Jackson commenced this action against defendant

William Leonard Roberts III a/k/a Rick Ross ("Roberts) by filing a Complaint in the Supreme

Court of the State of New York, County of New York (the "State Court Action"). A true and

correct copy of the Complaint is attached hereto as Exhibit 1.

2.      On or about May 25, 2015, SMS Promotions, LLC ("SMS" or "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut ("Connecticut Bankruptcy Court").

3.      Jackson is the sole owner and manager of SMS.

## II.

### BASES FOR REMOVAL

1.      Jackson hereby exercises his rights under the provisions of 28 U.S.C. §1452(a) to remove the State Court Action from the Supreme Court of the State of New York, County of New York, in which court the State Court Action is now pending, to this Court. Once the State Court Action has been removed to this Court, the Defendants intend to seek a transfer of venue because the Connecticut Bankruptcy Court has "related to" jurisdiction over the causes of action asserted in the State Court Action pursuant to 28 U.S.C. §1334(b).

2.      Pursuant to 28 U.S.C. §1452, "[a] party may remove any claim or cause of action . . . to the district court where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 11 U.S.C. §1452(a); see also FED. R. BANKR. PROC. 9027. Section 1334 provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §1334(b). This Court – and the Connecticut Bankruptcy Court – have original jurisdiction over the State Court Action because it is "related to" the Debtor's bankruptcy case.

3.      The United States Court of Appeals for the Second Circuit employs an "expansive test for 'related to' jurisdiction articulated by the United States Court of Appeals for the Third

Circuit in *In re Pacor*." *In re Refco, Inc. Sec. Litig.*, 628 F. Supp. 2d 432, 437 (S.D.N.Y. 2008). "Litigation is 'related to' a bankruptcy proceeding 'if the action's 'outcome might have any conceivable effect on the bankruptcy estate.'" *Post Investors LLC v. Gribble*, 2012 WL 4466619, *3 (S.D.N.Y. Sept. 27, 2012) (quoting *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011) (quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992))). *See also In re Pacor*, 743 F.2d 984, 994 (3d Cir. 1984) ("[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy"). In addition, "the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *In re Karta Corp.*, 296 B.R. 305, 310 (S.D.N.Y.2003).

4. The State Court Action is related to the chapter 11 case of SMS because Jackson is the sole owner and manager of SMS, and the State Court Action may have effects on assets and liabilities of the Debtor and its ability to reorganize.

4. Venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. §1441(a) because this district embraces the place where the removed action is pending.

5. In accordance with the requirements of Bankruptcy Rule 9027(a)(1), Jackson states that, upon removal, the causes of action asserted in the State Court Action are non-core proceedings pursuant to 28 U.S.C. §157(c) and 1334(b), and Jackson consents to the entry of final orders or judgments by the bankruptcy judge.

6.     Removal is timely under Rule 9027(a)(2).

7.     The Notice of Removal is accompanied by a copy of all process and pleadings filed in the State Court Action in accordance with Rule 9027(a). Copies of the docket sheet and all process and pleadings in the State Court Action have been filed contemporaneously with this Notice of Removal in accordance with Rule 9027(a)(1), as Exhibit 1.

8.     Jackson will file promptly a copy of this Notice of Removal with the clerk of the court where the action is pending.

### III.

### CONCLUSION

5.     For all of the foregoing reasons, this action is removed from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York.

Dated: May 26, 2015

Respectfully submitted,

BICKEL & BREWER

By: _____

William A. Brewer III
Stephanie L. Gase
750 Lexington Ave
New York, New York 10022
(212) 489-1400

Attorneys for Plaintiff

# EXHIBIT 1

*New York County Supreme Court*
*ASSIGNMENT OF INDEX NUMBER*
This is an AUTOMATED NOTICE.
On 05/21/2015, at 9:52:08 PM, the case commenced by the following electronic filing:

Document number: **1**
Document type: **SUMMONS + COMPLAINT**
Caption: **Curtis James Jackson III - v. - William Leonard Roberts II**

Index Number: **651805/2015**
Date of Filing: **05/21/2015**

---

**I.Filing User Information**
User Name: **STEPHANIE GASE**
Phone Number:
Fax Number:
Email Service Address: szg@bickelbrewer.com
Work Address:

---

**II.Payment Information**
Amount of payment: **$210**
Date of payment: **05/21/2015**
Payment method: **AMERICAN EXPRESS**
Authorization code: **233985**
Payment Comments:

---

**III.E-mail Service Notifications Sent**

| Name | Email Address |
|---|---|
| STEPHANIE GASE | szg@bickelbrewer.com |

Note: Service of initiating documents and the "Notice of Availability Regarding Electronic Filing" (in consensual cases) or the "Notice of Commencement of Mandatory E-Filed Case" (in mandatory cases) must be made in hard copy (unless the party agrees to accept service by electronic means). These forms can be found on the NYSCEF site under the "Forms" menu. The served copies also must bear the assigned Index Number and the date of filing (CPLR 305).

---

**IV.Documents Filed**
*(To view a document, click the document type link)*

| Doc # | Document Type | Additional Doc Info | Special Instructions | Filed Date |
|---|---|---|---|---|
| 1 | SUMMONS + COMPLAINT | | | |
| 2 | EXHIBIT(S) | Summons and Complaint in Leviston v Jackson | | |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------x

CURTIS JAMES JACKSON III                          :
a/k/a 50 CENT,                                    :        Index No.
                                                  :        Date Purchased:
                    Plaintiff,                    :
                                                  :        **SUMMONS**
          -against-                               :
                                                  :
WILLIAM LEONARD ROBERTS, II a/k/a RICK ROSS,      :
                                                  :
                    Defendant.                    :

-----------------------------------------------------------------------x

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to serve upon Plaintiff's attorney an answer to the complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
     May 21, 2015

                                 _Stephanie Gase_
                                  William A. Brewer III
                                  Stephanie L. Gase
                                  **BICKEL & BREWER**
                                  750 Lexington Avenue, 14th Floor
                                  New York, New York 10022
                                  Telephone: (212) 489-1400
                                  Fax: (212) 751-2849

                                  **ATTORNEYS FOR CURTIS
                                  JAMES JACKSON III a/k/a 50 Cent**

TO:   Rick Ross

5330381.4
2211-02

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
CURTIS JAMES JACKSON III                        :
a/k/a 50 CENT,                                  :          Index No.
                                                :          Date Purchased:
                      Plaintiff,                :
                                                :          **COMPLAINT**
           -against-                            :
                                                :
WILLIAM LEONARD ROBERTS, II a/k/a RICK ROSS,    :
                                                :
                      Defendant.                :
-------------------------------------------------------------------x

Plaintiff Curtis James Jackson III a/k/a 50 Cent ("Jackson"), files this Complaint against

Defendant WILLIAM LEONARD ROBERTS, II a/k/a RICK ROSS ("Ross"), upon personal

knowledge of his own actions, and upon information and belief as to all others, as follows:

**I.**

**PRELIMINARY STATEMENT**

This action seeks contribution from Defendant should Plaintiff be held liable to another

party in a separate case before this Court, due to the primary culpable acts of Defendant in the

separate case.

**II.**

**THE PARTIES**

**A.     Plaintiff**

1.      Plaintiff Jackson is an individual residing in the State of Connecticut and transacts

certain business in New York County, New York.

**B.     Defendant**

2.      Defendant Ross is an individual residing in the State of Florida, but maintains a

business address in New York and conducts substantial business in the State of New York.  In

particular, Ross owns and controls Maybach Music Group, which is a Florida corporation with its principal place of business located at 200 Park Avenue South, Suite 1408, New York, New York 10003.

### III.

### JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter of this action pursuant to N.Y. Const. Art. 6, § 7.

4.     Venue in New York County is proper pursuant to CPLR § 503, because Defendant has its principal place of business in New York County.

### IV.

### FACTUAL BACKGROUND

5.     Lastonia Leviston ("Leviston") has filed a complaint under New York County Supreme Court Index Number 10/102449 against Jackson seeking damages arising from the posting online of a video she made with Maurice Murray (the "Video").   A copy of the Complaint is attached hereto as Exhibit A.

6.     Jackson has denied liability to Leviston, but asserts that if held liable to Leviston, Jackson is entitled to contribution for Ross' actions contributing to the loss alleged in the original complaint.

7.     In a video uploaded to Youtube on March 8, 2009, Ross claims that he owns a website called ThisIsSabrinasSin.ning.com.

8.     On or around March 12, 2009, Ross was interviewed by "Big Tigger" on the Live in the Den radio show on Washington D.C.'s WPGC 95.5 station.   During the interview, Ross stated that he would post the Video.

2

9. The Video was subsequently published on the Internet on the website ThisIsSabrinasSin.ning.com on March 13, 2009.

10. Jackson does not own or control the website ThisIsSabrinasSin.ning.com in any way.

11. Ross or someone under Ross' control was the first person to publish the Video online.

12. Jackson did not publish the Video online, but instead put an embedded link on boobootv.com to the Video that was posted on ThisIsSabrinasSin.ning.com.

## V.

## **CAUSE OF ACTION**

13. Jackson repeats and realleges each allegation set forth in paragraphs 1 through 10 with the same force and effect as if fully set forth herein.

14. If Leviston should recover against Jackson for the allegations stated in her complaint, said damages will have been caused and brought about by reason of the wrongful actions of Ross.

15. The culpability of Jackson will only be secondary, if at all, and the culpable acts of Ross will have been primary.

16. If Leviston should recover from Jackson after trial, then Jackson will have been injured and seeks, from Ross, contribution on a proportionate basis towards any and all amounts Jackson may have to pay.

3

## VI.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter a judgment in his favor against Defendant, jointly and severally, awarding Plaintiff the following relief:

1.      That if Lastonia Leviston should recover against Plaintiff for the allegations stated in the complaint filed under Index Number 10/102449, said damages were caused and brought about by the wrongful conduct of Defendant;

2.      That any culpability of Jackson is secondary, if at all, and the culpable acts of Ross are primary;

3.      That if Lastonia Leviston should recover from Plaintiff after trial in case number 10/102449, then Plaintiff will have been injured and is entitled to contribution from Defendant on a proportionate basis towards any and all amounts Plaintiff may have to pay; and

4.      Such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        May 21, 2015

                    Respectfully submitted,
                    **BICKEL & BREWER**


                    By: _____
                    William A. Brewer III
                    Stephanie L. Gase
                    750 Lexington Avenue, 14th Floor
                    New York, New York 10022
                    Telephone: (212) 489-1400
                    Fax: (212) 751-2849

                    **ATTORNEYS FOR CURTIS
                    JAMES JACKSON III a/k/a 50 Cent**

4

FILED: NEW YORK COUNTY CLERK 05/21/2015 09:32 PM

NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 05/21/2015

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Date Filed: _____ 10102449

--------------------------------------

LASTONIA LEVISTON,

INDEX NO.

            Plaintiff,

Plaintiff designates
New York County as
the place of trial.

     -against-

**S U M M O N S**

CURTIS JAMES JACKSON III
a/k/a 50 CENT,

**FILED**

The basis of venue is
the County designated
by plaintiff pursuant
to C.P.L.R. Section 503(a).

FEB 24 2010

COUNTY CLERK'S OFFICE
NEW YORK

          Defendant(s).

--------------------------------------

**To the above named Defendants:**

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy

of your answer on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the

day of service of this summons, or within 30 days after service of this summons is complete if this summons

is not personally delivered to you within the State of New York.

     In case of your failure to answer this summons, a judgment by default will be taken against

you for the relief demanded in the complaint, together with the costs of this action.

Dated:    February 22, 2010
           Woodbridge, New Jersey

| DEFENDANT TO BE SERVED: | PLAINTIFF'S COUNSEL |
|---|---|
| CURTIS JAMES JACKSON III<br>a/k/a 50 CENT<br>G Unit Records<br>254 West 31st Street<br>New York, NY 10001 | Darren M. Gelber, Esq.<br>WILENTZ, GOLDMAN & SPITZER, P.A.<br>90 Woodbridge Center Drive<br>P. O. Box 10<br>Woodbridge, New Jersey 07095<br>(732) 855-6006<br><br>New York Office<br>110 William Street<br>26th Floor<br>New York, NY 10038-3901<br>(212) 267-3091 |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------X
                              :
LASTONIA LEVISTON,            :
                              :
              Plaintiff,      :
                              :       Index No.:
v.                            :
                              :       COMPLAINT
CURTIS JAMES JACKSON III      :
a/k/a 50 CENT,                :
                              :
              Defendant.      :
                              :
------------------------------x

10102449

**FILED**

FEB 24 2010

COUNTY CLERK'S OFFICE
NEW YORK

      Plaintiff, Lastonia Leviston, through her attorneys, as and for her Complaint against the above named Defendant, respectfully alleges as follows:

    1. This is an action for compensatory, special and punitive damages arising out of the unlawful and intentional posting on the internet and elsewhere, a sexually explicit videotape depicting Plaintiff, without her knowledge or consent.

### THE PARTIES

    2. Plaintiff, Lastonia Leviston, presently resides in Miami-Dade County, Florida.

    3. Defendant, Curtis James Jackson III a/k/a 50 Cent ("50 Cent"), is, upon information and belief, a resident of New York County, New York, and/or maintains a business address in New

York County, New York, and/or transacts substiantial business in New York County, New York.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

4. Maurice Murray and Plaintiff were involved in a romantic relationship.

5. On or about June 30, 2008, Mr. Murray and Plaintiff videotaped themselves engaging in sexually explicit activities in the State of New Jersey. The video was meant and agreed to by the parties to be a private video between Mr. Murray and Plaintiff and was never meant to be shown to anyone else.

6. After making the video, Plaintiff specifically requested that Mr. Murray destroy the video. Mr. Murray assured Plaintiff that he had taped over the video.

7. On or about March 1, 2009, Mr. Murray transferred or sold the video to 50 Cent, a well-known musical entertainer.

8. The sale or transfer of the video to 50 Cent was without Plaintiff's knowledge or consent.

9. After acquiring or purchasing the video from Mr. Murray, 50 Cent videotaped himself dressed in a wig and robe and added narration to the video. 50 Cent can be heard continuously speaking during the video and can be seen periodically.

10. 50 Cent edited the video before posting it on his internet website in the manner described above, and further

2

edited the video by blotting out the face of Mr. Murray on the video, so that only Plaintiff is recognizable to any person that views the video.

11. 50 Cent then posted the video on his website and provided a link on his website to another website where the video could be viewed in its entirety.

12. Upon information and belief, the video has been viewed by millions including by persons in New York.

13. On or about December 5, 2009 50 Cent appeared on a radio program with Tim Westwood during which time he discussed the video, referred to Plaintiff as "Brooke" and called her a "call girl" more than once. It is clear that 50 Cent was referring to Plaintiff as he described this "call girl" as the mother of Rick Ross' child and as the person who appears in the video. 50 Cent further admitted that he paid a "few dollars" for the video and that he had someone bring the video to him. He further admitted that he then posted the video on his website.

14. 50 Cent's appearance on the radio program was videotaped and subsequently was posted on the website of "worldstarhiphop.com" and other websites including YouTube where it was viewed by third parties including, upon information and belief, by persons in New York.

## FIRST CAUSE OF ACTION

### Unauthorized Use of Name or Picture

3

### N.Y. Civil Rights Law Sections 50-51

15. Plaintiff repeats the allegations contained in the previous paragraphs of the Complaint.

16. Defendant used for advertising purposes, or for the purposes of trade, Plaintiff's name and/or picture in the manner described above.

17. Defendant did not have the written consent of Plaintiff to do so.

18. There is no legitimate interest of the public in being apprised of the matters publicized.

19. As a direct and proximate result of Defendant's actions, Plaintiff has been harmed and has suffered damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her sever injuries as well as an amount sufficient to punish Defendant for his willful, wanton, reckless and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### SECOND CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

4

20. Plaintiff repeats the allegations contained in the previous paragraphs of the Complaint.

21. Defendant engaged in the intentional, extreme and outrageous conduct of acquiring the video without Plaintiff's knowledge or consent. The video was then edited and posted by Defendant on his website, as well as other websites, and, upon information and belief, viewed by millions. Defendant's conduct was so extreme in degree and so outrageous in character that it goes beyond all possible bounds of decency,

22. Defendant acted with the intent to cause severe emotional distress, or alternatively, disregarded the substantial probability that his actions would cause severe emotional distress.

23. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe emotional distress.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her sever injuries as well as an amount sufficient to punish Defendant for his willful, wanton, reckless and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## THIRD CAUSE OF ACTION

### DEFAMATION

24.  Plaintiff repeats the allegations contained in the previous paragraphs of the Complaint.

25.  Defendant made a false and injurious statement of fact concerning Plaintiff that exposed her to hatred, contempt or aversion and/or that caused an unsavory opinion of her the minds of a substantial number in the community, to wit: Defendant called Plaintiff a "call girl".

26.  Defendant's statements we published to third parties.

27.  As a direct and proximate result, Plaintiff suffered special damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her sever injuries as well as an amount sufficient to punish Defendant for his willful, wanton, reckless and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

6

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated:     February 23, 2010
           Woodbridge, NJ

Darren M. Gelber, Esq.
WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Drive
P. O. Box 10
Woodbridge, New Jersey  07095
(732) 855-6006

New York Office
110 William Street
26th Floor
New York, NY 10038-3901
(212) 267-3091

7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

CURTIS JAMES JACKSON III a/k/a 50 CENT,

Plaintiff,

-against-

WILLIAM LEONARD ROBERTS II a/k/a RICK ROSS,

Defendant.

-------------------------------------------------------------------X

## NOTICE OF REMOVAL

**BICKEL & BREWER**

William A. Brewer III
Stephanie L. Gase
750 Lexington Avenue, 14th Floor
New York, New York 10022
Telephone: (212) 489-1400
Fax: (212) 751-2849
**ATTORNEYS FOR CURTIS
JAMES JACKSON III a/k/a 50 Cent**